CLD-009                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3466
_____

IN RE:  DERRICK J. ELLERBE,
Petitioner

_____

On a Petition for Writ of Mandamus
(Related to E.D. Pa. Civ. Nos. 14-cv-04494 and 14-cv-04495)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 9, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed:  November 6, 2014)
_____

OPINION*
_____

PER CURIAM

Derrick J. Ellerbe has filed a petition for a writ of mandamus.  Ellerbe's petition

contains numerous allegations of illegal conduct by the federal government, various

federal agencies and employees, and the City of Philadelphia.  Among other things,

Ellerbe alleges that since 2007, the federal government has stalked, harassed, kidnapped,

and tortured him.  He also alleges that his many complaints to state and federal agencies

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

have gone unanswered and that he has been denied access to the state and federal courts. Moreover, he contends that the 2009 eviction from his home was the federal government's retaliatory response to his refusal to work for the United States Postal Service. Ellerbe asserts that the United States Attorney has failed to address the ongoing illegal activity, for which he seeks numerous forms of redress, including placement in the witness protection program, cessation of the government's stalking and harassment, and the return of his apartment and belongings. He also seeks relief regarding allegations involving the United States District Court, noting that the court "refuses to docket any of my filings, makes calls to have me thrown out of the building, forges [the signature of a judge, and] refuses to let me speak with the Clerk of Courts nor any Judge." Id. at ¶25.

Ellerbe invokes 28 U.S.C. § 1651 in seeking mandamus relief. Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). In support of his petition, Ellerbe refers to two actions that he initiated in the Eastern District of Pennsylvania, Ellerbe v. U.S. Attorney for the Eastern District of Pennsylvania, et al., E.D. Pa. Civ. No. 14-cv-04494, and Ellerbe v. City of Philadelphia, et al., E.D. Pa. Civ. No. 14-cv-04495. Both cases were still pending when Ellerbe filed this mandamus petition. The record in E.D. Pa. Civ. No. 14-cv-04494 now reflects that by order entered on August 11, 2014, the matter was dismissed as legally frivolous under 28 U.S.C. § 1915(e). Similarly, in E.D. Pa. Civ. No. 14-cv-04495, by order entered August 1, 2014, the matter was dismissed under 28 U.S.C. § 1915(e), this time with leave to amend the civil complaint within sixty days of the date of the order.

2

To date, Ellerbe has not attempted to amend the complaint in E.D. Pa. Civ. No. 14-cv-04495, nor has he filed a notice of appeal in either case. Given that the underlying matters in the District Court have been dismissed, there is no pending action over which a writ of mandamus might aid our jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist"). Thus, to the extent that Ellerbe seeks an order to compel action by the District Court or by the defendants in E.D. Pa. Civ. Nos. 14-cv-04494 and 14-cv-04495, we find that issuing a writ of mandamus is not "necessary or appropriate in aid of" our jurisdiction. 28 U.S.C. § 1651(a). Accordingly, we must deny the request. Further, mandamus is an "extraordinary" form of relief that must not be used as a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Ellerbe cannot use this proceeding to seek appellate review.

For the foregoing reasons, we will deny the petition for a writ of mandamus.